**FILED & ENTERED**

APR 08 2021

**CLERK U.S. BANKRUPTCY COURT
Central District of California
BY** johnson **DEPUTY CLERK**

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION

| | |
|---|---|
| In re:  Adrian D. Moon | Case No.:  2:20-bk-20573-VZ |
| Debtor(s). | Chapter 7 |
| Adrian D. Moon | Adv No:  2:21-ap-01007-VZ |
| Plaintiff(s), | |
| v. | **ORDER AFTER HEARING ON ORDER TO SHOW CAUSE:** |
| Juanita Garbutt-Bradley et al. | **(1) DISMISSING ADVERSARY PROCEEDING FOR LACK OF JURISDICTION AND PLAINTIFF NOT BEING THE REAL PARTY IN INTEREST** |
| Defendant(s). | **(2) DENYING AS MOOT ANY PENDING REQUESTS FILED BY PLAINTIFF** |
| | **(3) TO RETURN DOCUMENTS TO PLAINTIFF; and** |
| | **(4) DIRECTING THE CLERK TO NOT FILE OR LODGE ANY DOCUMENTS PRESENTED BY OR ON BEHALF OF ADRIAN MOON** |
| | Date:  April 1, 2021
Time:  10:00 AM
Ctrm: 1368, Roybal Federal Building
    255 E. Temple St., Los Angeles, CA 90012 |

-1-

### *Introduction*

On **January 14, 2021**, Adrian Moon ("Moon", "Debtor" or "Plaintiff") filed a complaint ("Complaint", *docket #1*) to commence this adversary proceeding ("Adversary Proceeding).

Plaintiff is also the Debtor in the underlying chapter 7 case. Pursuant to 11 U.S.C. § 704, the chapter 7 trustee is the real party in interest to pursue claims on behalf of a chapter 7 estate. To the extent the Plaintiff seeks relief on behalf of the chapter 7 estate, Plaintiff does not allege in the Complaint how Plaintiff is the real party in interest instead of the chapter 7 trustee.

In the Complaint, Plaintiff requests relief that raises significant doubt as to whether this court has jurisdiction to adjudicate the claims for relief, pursuant to 28 U.S.C. § 157 and § 1334. The allegations are cursory, incomprehensible and nonsensical; and, "Grand Jury Trial Demanded" is in the caption. Plaintiff alleges the defendants committed heinous criminal acts at the behest of Satan the Devil; namely, that the defendants (1) stole property in prior bankruptcy cases filed in 1999 (2:99-bk-34781-SB) and in 2009 (2:09-bk-12326-VZ); (2) illegally established tax liens; and (3) illegally established child support arrearages. Plaintiff seeks recovery of money, a dischargeability of tax liens and child support, and declaratory relief. Plaintiff does not plead cognizable claims for relief or allege facts that a defendant could respond to or upon which the court can adjudicate.

Plaintiff names several dozen defendants in the Complaint; it appears this court lacks jurisdiction to enter relief against many if not all of these defendants. Plaintiff does not identify facts that link defendants to elements of the claims for relief.

### *The OSC*

On **March 2, 2021**, the court entered an Order for Plaintiff to Appear and Explain Why Adversary Should Not be Dismissed With Prejudice due to a lack of jurisdiction and due to Plaintiff not being the real party in interest ("**OSC**", *docket #38, #39*) and set a hearing on the OSC for **April 1, 2021** at 10:00 a.m. OSC requirements and deadlines are:

a) The OSC applies to this adversary proceeding or any other adversary proceeding currently filed or subsequently filed by Plaintiff;

      b)  The court required Plaintiff to file and serve a response to the OSC and set March 22, 2021 as the deadline for Plaintiff to file and serve a written response;

      c)  The court required Plaintiff to appear at the hearing on the OSC; and

      d)  The court ordered that Plaintiff's failure to comply with terms of the OSC may be deemed a waiver of objection to dismissal of the Adversary Proceeding with prejudice.

### *Additional Findings of Fact and Conclusions of Law*.

Plaintiff did not appear at the hearing on the OSC.

Plaintiff did not file a response to the OSC and, therefore, did not provide facts or legal authority to establish that the court has jurisdiction over the claims or defendants, or that Plaintiff is the real party in interest to pursue claims on behalf of the estate.  Therefore, Plaintiff did not show cause that the adversary proceeding should not be dismissed with prejudice.

Instead of filing a response to the OSC, Plaintiff delivered various documents to the court such as entry of default, judgment of default, proofs of service of entry of default, and a criminal complaint.  On **March 22, 2021**, the court entered an order to return those documents to Plaintiff ("Order to Return Documents", *docket #42, #50*).  Subsequently, Plaintiff delivered these same documents and other documents to the court which are not appropriate for filing or not authorized under FRBP 7015.

In addition to the facts and analysis set forth above, the court finds and concludes that:

(1) the court lacks jurisdiction to adjudicate the claims for relief,

(2) the court lacks jurisdiction over many if not all of the defendants, and

(3) Plaintiff is not the real party in interest to pursue claims on behalf of the bankruptcy estate.

### *Order*

Based on the foregoing, **IT IS ORDERED:**

(1)  The Adversary Proceeding is **DISMISSED** with prejudice;

(2)  All other motions or requests filed by Plaintiff are **DENIED** as moot;

(3) The Clerk is directed to return to Plaintiff any documents delivered by Plaintiff to the court after entry of the Order to Return Documents and before entry of this dismissal order;

(4) The Clerk is directed to not file or lodge Any Document, in this Adversary Proceeding, any document presented by or on behalf of Moon ("Any Document").

    a. The term Any Document is intended to be exhaustive, regardless of the legal theory or legal citation that Moon relies on in Any Document and regardless of any orders or other documents – and the wording used in those orders or documents – that the court causes to be filed subsequent to entry of this order.

    b. The only exception(s) to Any Document are documents authorized and required by specific rules governing appeals (**LBR 8000-1; FRBP 8002, 8003, 8005, and 8009**) for appealing only this order;

(5) If Moon delivers to the court Any Document, the court will not file or lodge Any Document and will dispose of Any Document without further communication with Moon; and

(6) If Any Document is filed or lodged mistakenly by the court, the information contained within it will be disregarded and any requests for relief will be denied without notice or hearing.

###

Date: April 8, 2021

Vincent P. Zurzolo
United States Bankruptcy Judge